UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:11-CR-78 JD |
| | ) | |
| ALICA HITE (03) | ) | |

ORDER

On September 5, 2012, Alicia Hite appeared before the Court for her sentencing hearing. Prior to the hearing, both parties submitted sentencing memoranda. The government stated that it had chosen not to file a "5K motion," but recommended a "departure" from the guidelines based on Ms. Hite's cooperation. Ms. Hite listed a number of factors under 18 U.S.C. § 3553(a) that she argued support a sentence below the guidelines range, including two specific "policy statements" of the sentencing commission, section 4A1.3(b) (over represented criminal history) and section 5H1.3 (mental and emotional conditions).

At the sentencing hearing, the Court resolved objections to the presentence report and determined the sentencing range under the guidelines. Before moving on to determine the appropriate sentence in light of the factors in § 3553(a), the Court sought to clarify whether either party was seeking a "departure" within the guidelines framework—as contemplated by guideline section 1B1.1(b)—or instead simply pointing to factors that would support a "variance" from the guidelines framework when considering the § 3553(a) factors as a whole.

First, the government indicated that it *was* seeking a downward departure for substantial assistance, rather than simply recommending that the Court consider Ms. Hite's cooperation as a mitigating factor weighing in favor of a variance. As there is no provision in the guidelines for a

departure based on substantial assistance other than section 5K1.1,[1] the Court interpreted this as a motion under that section, notwithstanding the government's earlier announcement that it had decided not to "file a 5K motion." The Court heard argument from the parties and granted a departure of three levels under guideline section 5K1.1, based on the extent, usefulness, and timeliness of Ms. Hite's assistance.

Next, defense counsel, for the first time, informed the Court that Ms. Hite was seeking "departures" under guideline sections 4A1.3 and 5H1.3, in addition to urging the Court to consider these as factors under § 3553(a). The Court is aware that the Seventh Circuit has, since *Booker*, described the concept of "departure" as "outmoded" and "obsolete" and stressed that decisions interpreting the departure provisions are now useful only by way of analogy to 3553(a) sentencing considerations. *See United States v. Castro-Juarez*, 425 F.3d 430, 436 (7th Cir. 2005). Because the "guideline range" is established *before* departures are considered under Parts H and K of Chapter Five, and because the guidelines are now just one factor among many that the Court must consider, the Seventh Circuit has concluded that adherence to the strict departure regime of the mandatory guidelines "would vitiate the post-*Booker* sentencing discretion that sentencing courts enjoy." *Id.* at 436.

Nevertheless, in 2010 the Sentencing Commission urged district courts to continue to make use of "departures" and revised the guidelines application instructions to create a three step approach: first, the district court calculates the guidelines range, 1B1.1(a); second, it considers whether to "depart" from the guidelines within the guidelines framework by considering Parts H

---

[1] Application Note 2B to the "Grounds for Departure" guideline, § 5K2.0, states that "This policy statement does not cover the following departures, which are addressed elsewhere in the guidelines: . . . (ii) departures based on the defendant's substantial assistance to the authorities."

2

and K of Chapter Five, and any other policy statements and commentary in the guidelines, 1B1.1(b); and third, it considers the 3553(a) factors, which of course might result in a "variance" to a non-guidelines sentence, 1B1.1(c). Although the Seventh Circuit has continued to express scepticism over the continued utility of "departures," *see United States v. Lucas*, 670 F.3d 784, 791 (7th Cir. 2012) ("The concept of departures was rendered obsolete when the guidelines were made advisory in *Booker*."), it has also made clear that "the 'obsolete' line of cases should not discourage district courts from taking genuine guidance from all the Guidelines, including their departure provisions, as required under the amended section 1B1.1." *United States v. Guyton*, 636 F.3d 316, 319 n.2 (7th Cir. 2011). So long as it does not give undue weight to "departure" provisions at the expense of non-guideline factors under § 3553(a), and thereby put a thumb on the scale favoring the guidelines framework, the Court sees no inconsistency between following the instructions in section 1B1.1 and the Seventh Circuit's treatment of "departures."

Therefore, in light of the defendant's specific request that the Court consider "departures" under sections 4A1.3 and 5H1.3, the Court will consider these at the second step under revised guideline section 1B1.1(b), in addition to taking them into account in determining the reasonable sentence based on all the factors in § 3553(a). First, with regard to the request for a downward departure under section 4A1.3(b), the Court notes that Ms. Hite is already in Criminal History Category I, and that section 4A1.3(b)(2)(A) unequivocally prohibits "[a] departure below the lower limit of the applicable guideline range for Criminal History Category I." *See United States v. Goff*, 20 F.3d 918, 920 (8th Cir. 1994) (holding that departing from Criminal History Category I "is an incorrect application of the guidelines"). Ultimately, after reviewing that provision during the hearing, counsel for defendant withdrew the request. This

3

does not, of course, prevent the Court from taking into account the fact that Ms. Hite is a first time offender as a mitigating factor when considering her history and characteristics under § 3553(a)(1).

Second, the Court has considered Ms. Hite's request for a downward departure based on her mental and emotional conditions but exercises its discretion not to grant such a departure. Prior to November 2010, section 5H1.3 instructed that mental and emotional conditions were not ordinarily relevant in determining whether a departure was warranted. The guideline was amended, however, to state that "mental and emotional conditions *may be* relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present *to an unusual degree* and distinguish the case from the typical cases covered by the guidelines." The Court has examined Dr. Warren Sibilla's (sealed) report and considered defense counsel's written submission and argument at the hearing. The Court agrees that Dr. Sibilla's findings could support a finding that Ms. Hite's mental and emotional conditions—especially her dependant personality traits, but also her depression, anxiety, and low self-worth—played a role in her involvement in the drug conspiracy. The Court is not convinced, however, that these characteristics are present to such an unusual degree that a departure within the guidelines framework is warranted. Dr. Sibilla did note dependant personality traits, but did not diagnose Ms. Hite with dependant personality disorder. While the evidence shows some relevant mental and emotional conditions, it does not establish that depression and dependent personality traits (surely not uncommon in criminal defendants) were present to an unusual degree in this case, especially given that Ms. Hite's role in the conspiracy was as a leader and not a follower. Once again, however, the Court stresses that in exercising its

discretion to deny a departure under section 5H1.3, the Court acknowledges that Ms. Hite's mental and emotional conditions do constitute mitigating factors, which when considered together with the other factors the Court must consider under § 3553(a), might warrant a sentence lower than the applicable guidelines range in this case.

Finally, the Court emphasizes that the weight it ultimately gives to Ms. Hite's criminal history and mental and emotional conditions will be the same regardless of whether the Court considers them as part of its application of the guidelines framework, as a consideration of policy statements of the Sentencing Commission under § 3553(a)(5)(A), or generally as elements of the nature and circumstances of the offense or the history and characteristics of the defendant. In the end, what matters most is not whether these factors are considered as "departures" or "variances," but that they, along with the sentencing range applicable in this case and the other factors set out in § 3553(a), influence the determination of "a sentence sufficient but not greater than necessary to comply with the purposes set forth in § 3553(a)(2)."

The defendant's motions for downward departures under guidelines sections 4A1.3 and 5H1.3 are therefore DENIED. The Court will proceed to consider the appropriate sentence under 18 U.S.C. § 3553(a) when the sentencing hearing resumes.

SO ORDERED.

ENTERED: September 18, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court